**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

----------------------------------------------------------------------X
                                                                      :
JON Q. WRIGHT  and JQ LICENSING, LLC        :
                                                                      :          Case No.:
                                                                      :
     Plaintiffs,                                            :
                                                                      :
                                                                      :          **COMPLAINT FOR**
     v.                                                        :          **COPYRIGHT**
                                                                      :          **INFRINGEMENT**
                                                                      :
                                                                      :
LAKESHIRTS, INC., LAKESHIRTS, LLC, and  :
LAKESHIRTS HOLDINGS, INC.                       :
                                                                      :
                                                                      :
     Defendants.                                        :
----------------------------------------------------------------------X

<u>**COMPLAINT**</u>

Plaintiffs Jon Q. Wright ("JQW") and JQ Licensing, LLC (collectively, the "Plaintiffs"), by and through their undersigned attorney, hereby pray to this honorable Court for relief based on the following:

<u>**INTRODUCTION**</u>

1.      This action arises from Defendants' willful copyright infringement of Plaintiffs' copyrighted and valuable illustration. Plaintiffs seek to obtain injunctive relief against Defendants LakeShirts, Inc., LakeShirts, LLC, and LakeShirts Holdings, Inc. (collectively, "LakeShirts") to stop their continuing infringement and prevent any further unlawful infringement of Plaintiffs' artwork.  Defendants' repeated infringement has damaged Plaintiffs' business and threatens to damage it further. Plaintiffs seek injunctive relief, declaratory relief, and damages for the full

1

amount of Plaintiffs' losses, as well as Defendants' profits, or if elected, statutory damages, as well as attorneys' fees, and costs pursuant to 17 U.S.C. §§ 504(c) and 505.

## THE PARTIES

2.      Plaintiff Jon Q. Wright is an individual domiciled and residing in the State of Montana.

3.      Wright is a member of JQ Licensing LLC, a limited liability company duly formed under the laws of the State of Minnesota and registered in the State of Montana as a foreign limited liability company (hereafter, "JQ Licensing").  Wright licenses his artwork exclusively through JQ Licensing.

4.      Defendant LakeShirts, Inc., is a corporation formed and existing under the laws of the State of Minnesota, with a principal place of business in Detroit Lakes, Minnesota.

5.      Defendant LakeShirts, LLC is a limited liability company formed and existing under the laws of the State of Minnesota, with a principal place of business in Detroit Lakes, Minnesota.

6.      Defendant LakeShirts Holdings, Inc., is a corporation formed and existing under the laws of the State of Delaware, with a principal place of business in Detroit Lakes, Minnesota.

## JURISDICTION AND VENUE

7.      This is an action for copyright infringement arising under the Copyright Act of 1976 (17 U.S.C. §§ 101 *et seq.* as amended).

8.      This Court has subject matter jurisdiction over Plaintiffs' copyright infringement claims under the Copyright Act of 1976 (17 U.S.C. §§ 101 *et seq.* as amended) and 28 U.S.C. §§ 1331 and 1338.

9.      Venue is proper in this district under 28 U.S.C. §§ 1391 and 1440 in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred and the judicial district wherein the Defendants can be found.

**PLAINTIFFS' WORK OF ART**

10.     In 1993, JQW authored Walleye Green Lure (the "Subject Work"), which consists of a highly detailed depiction of a walleye fish, out of the water and chasing after a green and yellow lure. An image of Walleye Green Lure is shown below:



11.     JQW registered the Subject Work with the U.S. Copyright Office under Registration No. VAu 1-021-822, as a collection of illustrations of different species of fish, all authored by JQW. This registration, entitled "JQ Fish Art," has an effective date of July 10, 2009.  A copy of the JQ Fish Art registration certificate is annexed hereto as **Exhibit A**.

12.     JQW's practice of creating highly detailed and unique wildlife illustrations is an extraordinarily time-consuming process, involving a dizzying multiplicity of steps.

13.     In order to create his detailed fish illustrations, including the Subject Work, JQW first faces the laborious task of catching a trophy-sized specimen of the subject fish.

14.     Once a trophy fish is caught, JQW takes detailed photographs of the fish, freezes, and then partially thaws the fish in order to mold the body into the desired position.  He then impales the

fish with numerous stakes to preserve the particular and desired pose, then captures a 360°

perspective of the manipulated through a series of photographs.

15.     Only then does JQW begin the sketching process, referring to the photographs as reference

material.

16.     JQW then takes numerous artistic liberties with certain aspects of each fish. He expresses

elements of each fish in a manner that is creative and unique to his style and artistic abilities.

17.     With respect to the Subject Work, JQW has taken creative license with certain body parts,

including but not limited to, body and tail length to depict the fish "in action," jumping from the

water, and to otherwise give the viewer the impression that the fish is "trophy sized" by creatively

manipulating the size, shape, and direction of anatomical features in ways which are not possible

to fish in nature.

18.     JQW's artwork has been painstakingly created, with each minute original detail being

depicted with precision.

19.     JQW estimates that he has spent hundreds of hours painting a single one of his fish

illustrations, touching each individual painted fish scale with a paintbrush between three and five

times.

20.     In creating and expression of a walleye that is visually exciting to the viewer, JQW has

effectually created a walleye that is comprised of design elements and other creative features that

do not exist in nature.

21.     JQW artwork is very valuable, as there are not many artists painting freshwater fish, and

even fewer creating works with the type of detail employed by JQW.

22.     Because of JQW's unique talents, painstaking attention to detail, and unique expression of

fish of all species, his artwork is highly pursued.

23.     JQW's success as a wildlife illustrator, and by implication the value of his artwork, is dependent on experience, patience, and dedication, and each of his paintings is built on his talent and 40 years of expertise.

## LAKESHIRTS' INFRINGING CONDUCT

24.     Plaintiffs repeat, reallege, and incorporate the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

25.     LakeShirts are a collection of apparel manufacturing companies that create custom apparel for customers in various industries and markets.

26.     Each of the individual LakeShirts entities provide their services under the "Blue 84" brand name, or otherwise do business under an assumed name incorporating "Blue 84," or a minor variation thereof, such as "Blue 84 Corporate" or "Blue 84 Custom."

27.     LakeShirts created, manufactured, produced, and/or designed custom apparel for Swanson's Bait & Tackle in Hackensack, Minnesota, that features a design that incorporates a nearly exact copy of the Subject Work, or a substantial portion thereof ("Infringing Design #1").

28.     Separate and distinct from Infringing Design #1, LakeShirts created, manufactured, produced, and/or designed custom apparel for Swanson's Bait & Tackle that incorporates a nearly exact copy of the Subject Work ("Infringing Design #2") (Infringing Design #1 and Infringing Designs #2, collectively, the "Infringing Designs").


[remainder of page intentionally left blank]

29.     Directly below is an exemplar photograph of a product featuring Infringing Design #1:



30.    A side-by-side comparison of the Subject Work (left) and the walleye within Infringing

Design #1 (right) demonstrates that the walleye in Infringing Design #1 unlawfully copies JQW's

protectable elements of expression contained in the Subject Work:



31.    Directly below, the Subject Work was set to 50% opacity and then superimposed over

Infringing Design #1 so that the creative features of both walleyes are visible:



32.     The visual comparisons above demonstrate unlawful copying of protectible and highly specific elements of expression, including, but not limited to a) positioning, size, and placement of the eye; b) the inclusion of deep-set "bed" for the eye, which does not occur naturally in walleye, but rather, is a creative decision by JQW to accentuate the eye; c) the exact same use of light source reflecting off of the walleye's eye in the exact same spot and in the exact same size; d) positioning, size, shape, and placement of the gills; e) positioning, size, shape, and placement of the gill plate; e) the size, shape, intensity, and placement of a light source reflecting off of the head of the walleye; f) the proportions of the anatomical features relative to one another; and g) placement, size, and depth of shading; and h) other particularized expressions of anatomical features that are not anatomically possible in a real life walleye

33.     There are also many instances where Infringing Design #1 features JQW particular hand drawn, or painted lines, demonstrating that LakeShirts copied the placement, length, weight, and curvature of the hand drawn lines.

34.     Directly below are magnified portions of both the Subject Work and the Infringing Design:



8





35.     The comparisons above show clear copying of hand drawn/painted elements, such as a) the number, curvature, direction, and placement of lines within the gill; b) the lines that form the various parts of the mouth; and c) the depth and placement of shading around the head.

36.     The above photographs and comparison images demonstrate that LakeShirts copied the walleye of the Subject Work to create Infringing Design #1.

37.     LakeShirts purposefully removed design elements from the Subject Work in creating the Infringing Design #1.

38.     LakeShirts reproduced the Infringing Design #1 on apparel, distributed/sold the same to Swanson's Bait & Tackle, and said apparel was offered for sale/sold by Swanson's Bait & Tackle.

39.     Affixed to the apparel featuring the Infringing Design #1 is a manufacturer's tag, indicating that the apparel was manufactured by "Blue84."

40.     Upon information and belief, given LakeShirts vast network of representatives and large customer base, LakeShirts also reproduced the walleye within Infringing Design #1 on apparel for other businesses besides Swanson's Bait & Tackle.

41.     Directly below is an exemplar photograph of Infringing Design #2:



42.     A side-by-side comparison of the Subject Work (left) and the walleye within Infringing

Design #2 (right) demonstrates that the walleye in Infringing Design #2 unlawfully copies JQW's

protectable elements of expression contained in the Subject Work:



43.     Directly below, the Subject Work was set to 50% opacity and then superimposed over

Infringing Design #2 so that the creative features of both walleyes are visible:



44.     The visual comparisons above demonstrate unlawful copying of protectible and highly specific elements of expression, including, a) positioning/placement of the fin, tail, body, eye and other particularized expressions of anatomical features that are not anatomically possible in a real life walleye, b) the proportions of the various anatomical features relative to one another, c) the particular shape and size of the fins, tails, and other anatomical features, and d) the pose of the walleye.

45.     There are also many instances where Infringing Design #2 copies particular hand drawn, or painted lines, that define the creative shape and form of the walleye in the Subject Work. This is readily apparent when focusing on the various fins, gills, and head.

46.     Directly below are magnified portions of both the Subject Work and Infringing Design #2:

 

 

 

47.     The exemplar comparisons directly above show clear copying of the following hand drawn and painted elements that are unique to the Subject Work, and are not naturally existing in walleye: a) the number, curvature, direction, and placement of lines within the gill; b) the number, curvature, direction, and placement of lines within the fins; and c) the placement, size, and definition of anatomical details in the head of the walleye.

48.     The exemplar comparisons directly above also show copying of JQW use of shading/shadowing to create the impression of a light source directly on the walleye.

49.     The above photograph and comparison images demonstrate that LakeShirts copied the walleye of the Subject Work and created Infringing Design #2.

50.     LakeShirts purposefully removed design elements from the Subject Work in creating the Infringing Design #2.

51.     LakeShirts reproduced the Infringing Design #2 on apparel, distributed the same to Swanson's Bait & Tackle, which were then offered for sale/sold by Swanson's Bait & Tackle.

52.     Affixed to the apparel featuring the Infringing Design #2 is a manufacturer's tag, indicating that the apparel was manufactured by "Blue84."

53.     Upon information and belief, given LakeShirts vast network of representatives and large customer base, LakeShirts also reproduced the walleye within Infringing Design #2 on apparel for other businesses besides Swanson's Bait & Tackle.

54.     JQW created all of the previously detailed artistic expressions in order to accentuate and overexaggerate the features of a walleye fish, with the goal of creating an expression of a walleye that is visually exciting to the viewer.

55.     In creating and expression of a walleye that is visually exciting to the viewer, JQW has effectually created a walleye that is comprised of design elements and other creative features that do not exist in nature.

56.     The allegations herein are made as to all material, products, photographs, advertisements, etc., that LakeShirts used, created, copied, marketed, displayed, distributed, or sold that incorporate the Subject Work and/or the Infringing Design and the images and comparisons depicted herein are only exemplars.

57.     LakeShirts' infringing conduct was undertaken to reap the creative and artistic benefit and value of the Subject Work.

58.     LakeShirts  had access to the Subject Work, including, without limitation, through JQW's website and social media accounts or by viewing the Subject Work on third-party websites, third-party products, or via other displays of the Subject Work.

59.     In the course of JQW's past dealings with LakeShirts, JQW provided LakeShirts with a copy of the Subject Work, thereby demonstrating access.

60.     LakeShirts willfully misappropriated the Subject Work, and with blatant and reckless disregard for JQW's rights in and to the Subject Work, by failing to ensure its use of the same was

proper, despite the fact that LakeShirts knew of its infringing nature due to LakeShirts past dealings with JQW as it relates to the Subject Work and the Infringing Design.

61.    LakeShirts' continuing acts of infringement amount to a blatant and reckless disregard for JQW's rights in and to the Subject Work.

62.    As a result of LakeShirts' infringement of JQW's copyrights in and to the Subject Works, JQW has suffered significant damage.  Specifically, JQW has lost royalties and licensing revenue and have suffered dilution and diminishment of the value of the Subject Work as the Infringing Design is crude, unsophisticated, and poorly executed.

**COUNT I**
**(COPYRIGHT INFRINGEMENT – 17 U.S.C. §101,** *et seq.* **–**
**Against All Defendants, and Each)**

63.    Plaintiffs repeat, reallege, and incorporate the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

64.    JQW is the sole owner of the Subject Work and holds a valid copyright registration in accordance with the United State Copyright Act.

65.    The Subject Work is copyrightable subject matter under 17 U.S.C. §102(a).

66.    JQW has complied in all respects with the provisions and requirements of the Copyright Act.

67.    Prior to the acts complained of herein, JQW duly registered the copyrights in and to the Subject Work with the United States Copyright Office.

68.    JQW has exclusive rights under 17 U.S.C. §106 to reproduce, prepare derivative works of, distribute copies of, and publicly display the Subject Works.

69.    In the course of prior dealings, JQW distributed a copy of the Subject Work to LakeShirts, thereby establishing LakeShirts' access to the Subject Work.

16

70.     Access is also established by the striking similarity and/or identicality between the Subject Work and the Infringing Designs, precluding any possibility of independent creation.

71.     As detailed *supra*., the Infringing Designs are identical or virtually identical to the Subject Work.

72.      The Infringing Designs copy all or virtually all protectable elements of expression unique to JQW's artistic style, as well as his creative and particular expressions of a walleye fish, as described herein.

73.     The Subject Work, including the walleye featured therein, is also the by-product of JQW's creative and original selection, coordination, and arrangement of elements.

74.     Defendants, and each of them, have infringed Plaintiffs' rights by copying the Subject Work and subsequently creating, making and/or developing directly infringing works and/or derivative works featuring the Subject Work.

75.     Defendants, and each of them, have infringed Plaintiffs' rights by copying the creative and original selection, coordination, and arrangement of elements.

76.     Defendants, and each of them, were directly involved in the reproduction, distribution, display, adaptation, and/or creation of a derivative work, using the Subject Work.

77.     Due to Defendants' acts of copyright infringement as alleged herein, Plaintiffs have suffered damages in an amount to be established at trial, including without limitation lost profits, royalties, and a diminution in the value of the misappropriated works.

78.     As a result of the acts of infringement complained of herein, Defendants received revenues they would not have otherwise received, added brand value, and indirect sales and profits it would not have otherwise received.

79.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Works.  As such, Plaintiffs are entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiffs' rights in the Subject Work, in an amount to be established at trial.

80.     Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiffs' rights such that said acts of copyright infringement were willful, reckless, malicious, and in blatant disregard of Plaintiffs' rights. Such willfulness provides the basis on which Plaintiff seeks additional forms of relief.

81.     In the alternative, Plaintiffs claim statutory damages under 17 U.S.C. §504(c)(1) for Defendants' negligent unauthorized use and copyright infringement.

82.     Plaintiffs claim all damages and remedies available under 17 U.S.C. §§504 and 505.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs requests judgment against Defendants, and each of them, as follows:

A.  that the Court enter judgment against Defendants setting forth that Defendants have willfully infringed Plaintiffs' federally registered copyrights to the Subject Works as contemplated by 17 U.S.C. §504(c)(2);

B.  alternatively, that the Court enter judgment against Defendants setting forth that Defendants have infringed Plaintiffs' federally registered copyright to the Subject Works, pursuant to 17 U.S.C. § 501;

C.   that Defendants and their respective agents, officers and servants be enjoined from importing, manufacturing, distributing, displaying, offering for sale, selling or otherwise trafficking in any materials that infringe Plaintiffs' copyrights in and to Subject Works;

D.   impounding all unauthorized material that bears infringing copies of Plaintiffs' copyrighted artwork in the possession or control of Defendants pursuant to 17 U.S.C. §503(a)(1)(A), and ordering destruction of all unauthorized material bearing the Subject Works, pursuant to 17 U.S.C. §503(b);

E.   that Plaintiffs be awarded all profits of Defendants plus all losses of Plaintiffs, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages for willful infringement as available under 17 U.S.C. § 504(c);

F.   that Plaintiffs be awarded their attorneys' fees as available under 17 U.S.C. § 504(c) or other applicable statute;

G.   that Plaintiffs be awarded pre- and post-judgment interest as allowed by law;

H.   that Plaintiffs be awarded the costs of this action; and

I.   that Plaintiffs be awarded such further legal and equitable relief as the Court deems proper.

PLAINTIFFS DEMAND A JURY TRIAL ON ALL ISSUES SO TRIABLE PURSUANT TO FED. R. CIV. P. 38 AND THE 7TH AMENDMENT TO THE UNITED STATES CONSTITUTION.

Respectfully submitted,

Date:   September 5, 2024

/s/ Nathan M. Hansen
Nathan M. Hansen
Attorney At Law
P.O. Box 575
Willernie, MN 55090
MN Attorney Reg. No. 0328017
651-704-9600
Nathan@hansenlawoffice.com

19

20

Dmitry Lapin, Esq.
Axenfeld Law Group, LLC
2001 Market Street Suite 2500
Philadelphia, PA 19103
dmitry@axenfeldlaw.com
917-979-4570
*pro hac vice admission forthcoming*

*Attorneys for Plaintiffs*

20